**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
AT MEMPHIS**

| | | |
|---|---|---|
| **ROBERT MCCAIN** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| **ZWICKER & ASSOCIATES P.C,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| | ) | |
| **Defendant,** | ) | |

**COMPLAINT**

NOW COMES the Plaintiff, Robert McCain("Plaintiff") and his attorney, William M. Kaludis, Esq., for his Complaint against the Defendant, Zwicker & Associates P.C. ("Defendant").

**I. PRELIMINARY STATEMENT**

This action arises out of violations of the **Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq**. ("FDCPA") by the Defendants, in their illegal efforts to collect consumer debts.

**II. JURISDICTION AND VENUE**

1. Jurisdiction of this Court arises under **28 U.S.C. § 1331**, and pursuant to **15 U.S.C. § 1692k (d)**.

2. Venue is proper in this District because the acts and transactions occurred here, and Plaintiff resides here.

**III. PARTIES**

1

3. Plaintiff, Robert McCain (hereinafter referred to as "Plaintiff"), is a natural person who resides in Tipton County, Tennessee, and is a "consumer" as that term is defined by **15 U.S.C. § 1692a (3)**.

4. Defendant Zwicker & Associates P.C., (hereinafter "Defendant") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a (6), and a for-profit Professional Corporation organized in Massachusetts, with a principal place of business located at 80 Minuteman Rd. Andover, MA 01810-1008, and may be served through its agent for service of process at C T Corporation System, 300 Montvue Rd. Knoxville, TN 37919-5546, as its registered agent for service of process.

5. .   Defendants acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. BACKGROUND ON FDCPA

6. The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debts by third parties. See **15 U.S.C. § 1692 et seq**.  The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, provides for specific consumer rights, and defines abuse. 15 U.S.C. § 1692(k).  The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of

disapproved practices.  In particular, the FDCPA enumerates practices that are forbidden for debt collectors to take.

7. The gist of the FDCPA lies in three main prohibitions.  First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692(d).  Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692(e).  Third, and finally, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692(f).  Simply stated, this act was designed to protect consumers from debt collectors using unscrupulous tactics. Regardless as to whether a valid debt exists, the FDCPA prohibits unfair, unconscionable, and coercive collection methods, actions or conduct that harass, oppress, or abuse any debtor, and to shield consumers from false, deceptive, or misleading statements in connection with the collection of a debt.

## V. FACTUAL ALLEGATIONS

8. Defendant has alleged that the Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, and is therefore a "debt" as that term is defined by **15 U.S.C. § 1692a (5)**, namely, a credit card originally owned or serviced by Discover Bank. Plaintiff hired Century Law Firm to act as his agent in settling his delinquent credit card accounts and defend him in court.

9. On March 21, 2022, Plaintiff Robert McCain was sued by Discover in Tipton County General Sessions Court, for an alleged delinquent credit card account. (Case No. 2022-CV-314.) At some point after March 21, 2022, Plaintiff was served with the above lawsuit. Prior to the lawsuit being filed Plaintiff hired Century Law Firm to help settle and defend alleged defaulted credit card debts. On April 25, 2022, Century Law Firm filed an Answer with the Tipton County General Sessions Court, on his behalf.  The Answer was emailed on April 25, 2022, to Michelle Moghadom Esq., who is the attorney listed on the March 21st summons.

10. On April 26, 2022, Century Law Firm emailed Zwicker a limited power of attorney (LPOA) authorizing Century Law Firm to act on Plaintiff's behalf.

11. Prior to May 12, 2022, Century hired Nationwide Appearance Attorneys to appear at the scheduled May 12, 2022, hearing. At the May 12th hearing appearance counsel met with Zwicker appearance counsel Jason Young and continued the case until September 29, 2022.

### *June 14, 2022 Notice of Filing of Affidavit of Self-Authentication*

12. On June 14, 2022, Alex Dimmit Esq. of Zwicker & Associates P.C. sent a Notice of Filing of Self-Authentication directly to Plaintiff despite that the fact that he was represented by Counsel.

13. In the June 14, 2022, Notice of Filing of Self-Authentication, there was attached an affidavit, a pleading, and credit card statements.  Prior to September 29, 2022, Century hired Nationwide Appearance Counsel to appear at the at the September 29, 2022, hearing. At the September 29th hearing appearance counsel met with Zwicker appearance

4

counsel Jason Young and continued the case until January 12, 2023. Prior to the filing of Self-Authentication, Defendant received an Answer filed by Century Law Firm and there was a court appearance where appearance counsel showed up for Century and continued the case with Zwicker's appearance counsel.

### *October 11, 2022 Settlement Letter & Agreed Order*

14. On October 10, 2022, Andrew Waggoner, a legal negotiator, with Century Law Firm, contacted Defendant via [DCS.Offers@zwickerpc.com](mailto:DCS.Offers@zwickerpc.com) and settled the collection lawsuit Discover Bank v. Robert McCain Case No. 2022-CV-314.

15. On October 11, 2022, A settlement letter and Agreed Order was sent to Plaintiff despite that an Answer had been filed by Century Law Firm, a limited Power of Attorney was emailed, multiple court appearances by Century Law Firm, and a settlement was negotiated by a legal negotiator with Century Law Firm. Zwicker would not negotiate with Century Law Firm unless they had an LPOA on file.

16. Plaintiff was confused by the fact that the settlement agreement was sent to them and not his attorney. As a result the settlement agreement was not returned by the January 4, 2023 court date, and Zwicker ended up taking a default because the settlement was not returned before the court date.

17. If Defendant had sent the settlement agreement to the attorney instead of the Plaintiff, the attorney would have signed the settlement agreement as the Plaintiff's authorized representative, and a default judgment would not have been taken by Defendant.

18. By communicating directly with the Plaintiff and not with his attorney of record on this case, Defendant's communication is directly in violation of 15 U.S.C. § 1692c(a)(2).

5

19. The Defendants failed to maintain (i.e., employ or implement) procedures to avoid errors under the FDCPA, during the collection of Plaintiff's alleged debt.

20. The above-detailed conduct by all Defendants, of harassment, abuse, false, misleading, unfair and deceptive acts and/or practices in attempting to collect a debt from the Plaintiff is in violation of numerous and multiple provisions of the FDCPA.

21. The Plaintiff has suffered actual damages as a result of this illegal communication and collection attempt by Defendant in the form of a default judgment, attorney's fees and costs, wasted time, anger, anxiety, emotional distress, fear, frustration, upset, humiliation, and embarrassment, amongst other emotions.

## **TRIAL BY JURY**

22. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## **CAUSES OF ACTION**
## **COUNT I.**

## **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

## **15 U.S.C. § 1692** *et seq*

23. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

6

24. The foregoing acts and omissions by Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above cited provisions of the FDCPA, **15 U.S.C. § 1692 et seq**., with respect to Plaintiff.

25. Defendant violated **15 U.S.C. § 1692c(a)(2)**.by sending letters to the Plaintiff when the Defendant knew or should have known that Plaintiff was represented by counsel. Counsel did not consent, nor was counsel unresponsive to the Defendant.

## CLAIM FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant.

- For an award of actual damages pursuant to **15 U.S.C. § 1692k (a)(1)** against the Defendants in an amount to be determined at trial by a jury;

- For an award of statutory damages pursuant to **15 U.S.C. §1692k (a)(2)(A)** in the amount of One Thousand Dollars ($1,000.00) against the Defendants;

- For an award of costs of litigation and reasonable attorney's fees pursuant to **15 U.S.C. § 1692k (a)(3)** against the Defendants; and

- For such other and further relief as may be just and proper.

Dated this the _____ day of April 2023.

Respectfully submitted on behalf of,

**ROBERT MCCAIN**

*/s/ William M. Kaludis*
William M. Kaludis, Attorney for the Plaintiff
SHIELD LAW GROUP
BPR #017433
5115 Maryland Way, Suite 911
Brentwood TN 37027
Phone: (615) 742-8020
Fax: (615) 255-5988

bill@shieldlawgroup.com